Jueces concurrentes : Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.

---

RIVERA *v.* BORRERO.

CASACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 42.—Resuelto en Marzo 7, 1903.

HIJOS NATURALES.—RECONOCIMIENTO DE LOS MISMOS.—Las disposiciones del artículo 131 del Código Civil no son aplicables á los hijos naturales nacidos con anterioridad á la publicación del referido Código, pues la filiación natural de tales hijos ha de regirse por las disposiciones de la legislación anterior.

PRUEBA.—La apreciación de las pruebas no podrá discutirse en casación si no se hubiere fundado el recurso en el número 7 del artículo 1690 de la Ley procesal.

---

## RIVERA *v.* BORRERO.

APPEAL in cassation from the District Court of Mayagüez.

No. 42.—Decided March 7, 1903.

ILLEGITIMATE CHILDREN.—RECOGNITION OF.—The recognition of illegitimate children born before the publication of the Civil Code must be governed by the previous legislation and not by article 131 of the Civil Code.

APPEALS.—EVIDENCE.—The consideration of evidence will not be reviewed on an appeal in cassation when the appeal is not based upon article 1690 of the Law of Civil Procedure.

CASACIÓN.—ERROR DE DERECHO.—El recurso de casación por infracción de ley procede únicamente en los casos taxativamente señalados en el artículo 1690 de la ley procesal civil.

ID.—Para que las infracciones de ley, en que se funde el recurso, puedan ser discutidas en casación, es necesario expresar, además de los preceptos legales que se consideren infringidos, *el concepto* en que lo hayan sido.

## EXPOSICIÓN DEL CASO.

*Resultando :* que con fecha 5 de Noviembre de 1900 Doña Candelaria Velez, representada por su esposo La O. Rivera, produjo demanda ante el Tribunal de Distrito de Mayagüez contra Doña Josefa, Don Claudio, Doña Cándida y Doña Angela Borrero, hermanos del difunto Don Santos, de ese mismo apellido, para que fueran declarados hijos naturales de éste los menores Ana María y Florencio, que procreó en unión de la demandante, á cuyo fin expuso que ésta, antes de su actual matrimonio, vivió en concubinato con Don Santos Borrero, con quien procreó tres hijos nombrados Ana María, Florencio y Mariano, de los cuales viven los dos primeros, sin que llegara á hacer reconocimiento formal y público de ellos, no obstante haber sido ese su propósito, pero existían pruebas evidentes é incontrastables de esa filiación ; habiendo invocado, como fundamentos de derecho, el artículo 137 del Código Civil y la sentencia del Tribunal Supremo de España de 10 de Noviembre de 1886.

*Resultando :* que Doña Josefa, Don Claudio, Doña Cándida y Doña Angela Borrero, al contestar la demanda, anunciaron la excepción de falta de personalidad de Doña Candelaria Velez, por haber perdido, mediante su matrimonio con La O. Rivera, la potestad y representación de sus hijos naturales, cuya excepción ejercitarían en el acto del juicio oral, según previene la Orden General número 118; habiendo alegado como hechos que Don Santos Borrero era casado en México con Doña Asunción Revillo y Molara, y poco tiempo antes de morir le participaron el fallecimiento de su consorte, en la que no tuvo sucesión alguna, como tampoco la tuvo en otras mujeres, por más que vivió en concubinato con varias, pues se jactaba de ser hombre feliz

ID.—ERRORS OF LAW.—An appeal in cassation for error of law lies only in such cases as are specifically mentioned in article 1690 of the Law of Civil Procedure.

ID.—Errors of law will not be considered on appeal unless presented in the manner prescribed in article 1718 of the Code of Civil Procedure.

## STATEMENT OF THE CASE.

On November 5, 1900, La O. Rivera, on behalf of his wife Candelaria Velez, brought suit in the District Court of Mayagüez against Josefa, Claudio, Cándida and Angela Borrero, brother and sisters of Santos Borrero, deceased, demanding that the infants Ana María and Florencio, procreated by him with the plaintiff, be declared natural children of said Santos Borrero, for which purpose plaintiff set up that before her present marriage she lived with the aforesaid Borrero as his concubine, and had three children by him named Ana María, Florencio and Mariano, of whom the two first mentioned are living. Said children had not been formally and publicly acknowledged by Borrero, although it had been his intention to do so, but there existed unassailable proofs of said filiation. She invoked as legal authorities article 137 of the Civil Code and the judgment of the Supreme Court of Spain, of November 10, 1886.

In answering the complaint, Josefa, Claudio, Cándida and Angela Borrero alleged the exception of want of capacity to sue on the part of Candelaria Velez, inasmuch as, by her marriage to La O. Rivera, she had forfeited her authority over, and representation of, her natural children, an exception which they would plead at the oral hearing, as prescribed by General Order No. 118. As facts, they alleged that Santos Borrero had married in Mexico Asunción Revillo, and that shortly before he died, he had been informed of the demise of his wife, without leaving any children nor had he ever had any offspring with other women, although he had lived in concubinage with several, he being in the habit of boasting that he was a happy man because he had no children. Candelaria Velez had never been his mistress, but

por no tener hijos, sin que fuera concubina suya Doña Candelaria Velez, por más que ésta le servía en virtud del salario con que era remunerada, llegando Borrero al extremo de presentar en el Registro para la inscripción de nacimiento los hijos de la Velez, á los cuales no reconoció, como indudablemente lo hubiera efectuado, si hubiera sido padre de los mismos; habiendo obtenido, en su consecuencia, los demandados, la declaratoria de herederos de Borrero, cuyos escasos bienes vendieron para pagar deudas del mismo, ascendentes á más de quinientos pesos; invocaron como fundamentos de derecho los artículos 129, 130, 131, 134, 135, 137, 140 y 141 del Código Civil, y concluyeron con la súplica de que, habiendo por promovido el incidente de falta de personalidad de la demandante, se dictara sentencia en su oportunidad, por la que se declarara sin lugar la demanda, con las costas á la parte actora.

*Resultando :* que la parte demandante propuso como pruebas la documental, consistente en la partida de bautismo de Ana María, hija natural de Doña Candelaria Velez, nacida en 25 de Agosto de 1883, según reza dicho documento; en la certificación de inscripción del fallecimiento de Santos Borrero, soltero, ocurrido en 20 de Abril de 1897, y en una escritura de venta de terrenos, otorgada por Borrero, de estado soltero, en 29 de Enero de 1896, cuyos documentos fueron cotejados con sus originales; habiéndose suministrado también por la demandante prueba testifical para acreditar la filiación natural de los menores Ana María y Florencio, respecto de Santos Borrero, prueba practicada en el acto del juicio oral, al que no asistió la representación de la parte demandada, y en el que el Tribunal declaró que no había términos hábiles para sustanciar el artículo de incontestación anunciado en la demanda, por no haber comparecido la parte á sostenerlo.

*Resultando:* que también la parte demandada propuso como pruebas la de testigos, entre los cuales figuran Don Miguel Trujillo, residente en México y Don Damián Rami-

she was his servant on a salary, and when he took the names of her children to be entered at the Civil Registry he did not acknowledge them, as he would have done, had they been his own. For this reason defendants had been adjudged heirs of Borrero, whose small property was sold to satisfy debts contracted by him amounting to over five hundred *pesos*. They cited as legal authority, articles 129, 130, 131, 134, 135, 137, 140 and 141 of the Civil Code, and prayed that the exception of want of capacity on the part of plaintiff be noted, and that the case be dismissed with costs.

Plaintiff offered as evidence the certificate of baptism of Ana María, a natural child of Candelaria Velez, which according to said document was born on the 25th of August, 1883, a certificate of the death of Santos Borrero, unmarried, which occurred on the 20th of April 1897, and a deed of sale of lands, executed by Borrero, as an unmarried person, under date of January 29, 1896, all of which documents were compared with their originals. Plaintiff also introduced the testimony of witnesses to establish the natural filiation of the infants Ana María and Florencio, with respect to Santos Borrero. Said evidence having been taken at the hearing, at which counsel for defendants failed to appear to sustain the exception of want of capacity to sue, the same was overruled by the court.

Defendants also offered the testimony of witnesses, among whom were Miguel Trujillo, residing in Mexico and Damian Ramirez y Baez, an employee at Azú, Santo Domingo, and documentary evidence consisting of the certificate of the marriage of Santos Borrero to Asunción Revillo y Molara, which took place in Mexico about the years 1875 or 1876, and the certificate of death of the latter, occurring in said city, between 1896 and 1897, for which purpose they prayed that the extraordinary period for the introduction of evidence be opened, and that letters rogatory be issued to that effect, through diplomatic channels, which evidence was refused by the Mayagüez Court, in a ruling of March 8th of last

res y Baez, empleado en Azú, Santo Domingo, y la de documentos, consistentes éstos en la partida de matrimonio de Don Santos Borrero y Doña Asunción Revillo y Molara, celebrado en México por los años de 1875 á 76, y en la partida de óbito de dicha señora, ocurrido por los años de 1896 á 97 en la propia ciudad de México, para lo cual solicitó se abriera el término extraordinario de prueba, y se libraran los exhortos oportunos por la vía diplomática; habiendo denegado el Tribunal de Mayagüez tales pruebas por auto de 8 de Marzo del año próximo pasado, por no haberse propuesto según exige la Ley de Enjuiciamiento Civil para esos casos.

*Resultando :* que el Tribunal de Mayagüez dictó sentencia en 15 de Abril del año próximo pasado, por la que declaró con lugar la demanda respecto de Ana María Velez, con todos los efectos consiguientes que determina el Código Civil, y sin lugar en cuanto al otro menor Florencio Velez, por no concurrir en él la circunstancia de hijo natural, sin especial condenación de costas.

*Resultando :* que contra esa sentencia ha interpuesto la representación de Doña Josefa, Don Claudio, Doña Cándida y Doña Angela Borrero, recurso de casación por infracción de ley, autorizado por los artículos 1687 y 1688 de la Ley de Enjuiciamiento Civil y párrafo 79 de la Orden General No. 118 y comprendido en el número 1 del artículo 1690 de dicha Ley, citando como infringidos:

I.—El artículo 131 del Código Civil, por su no aplicación, puesto que según él, solo se consideran como hijos naturales los reconocidos en el acta de nacimiento, en testamento ó en otro documento público.

II.—El artículo 119 del mismo cuerpo legal, que sólo considera como hijos naturales los habidos entre personas que al tiempo de la concepción pudieron casarse con licencia ó sin ella, pues en los autos no aparece probado que Candelaria Velez y Santos Borrero estuvieran en condiciones de contraer matrimonio, cuando engendraron los hijos de cuyo reconocimiento se trata.

III.—El párrafo 70 de la Orden General No. 118, serie de 1899, y el

year, because it had not been proposed as prescribed for such cases by the Law of Civil Procedure.

On April 15, 1902, the Court of Mayagüez rendered judgment sustaining the complaint in so far as Ana María Velez was concerned, with all the consequences provided for by the Civil Code, and dismissing the same with regard to Florencio Velez, who lacked the qualifications required in order to be considered a natural child, without special imposition of costs.

From this decision Josefa, Claudio, Cándida and Angela Borrero through their counsel took an appeal in cassation for violation of law, authorized by articles 1687 and 1688 of the Law of Civil Procedure, and paragraph 79 of General Order No. 118, and provided for under sub-division 1 of article 1690 of aforesaid law, citing as violated:

I.—Article 131 of the Civil Code, on account of the non-application thereof, inasmuch as according thereto natural children are only such as have been acknowledged in the record of birth, by will or by any other public instrument.

II.—Article 119 of the same Code, which declares that natural children are only those born of parents who, at the time of the conception of the child, could have married with or without dispensation, as it does not appear from the record as having been proven that Candelaria Velez and Santos Borrero were capable of contracting marriage, when they begot the children whose acknowledgment is requested.

III.—Paragraph 70 of General Order No. 118, Series of 1899, and article 554 of the Civil Code, (Law of Civil Procedure) by their non-application, inasmuch as both of these legal provisions authorize the granting of the extraordinary period for the taking of evidence.

IV.—Articles 131 and 137 of the Civil Code, because in the judgment the testimony of witnesses is admitted in evidence and considered to prove the paternity without taking into account the spirit of article 132; the provisions of article 141 of the same code being moreover applicable to the case, for if the admission of testimony of witnesses to prove paternity after the death of the father or mother, were to be laid down as jurisprudence, great confusion would be caused thereby alike to families and to society.

*Mr. Alvarez Nava,* for appellant.

artículo 554 del Código Civil, por su no aplicación, pues ambos textos legales autorizan la concesión del término extraordinario de pruebas.

IV.—Los artículos 131 y 137 del Código Civil, pues se admite y se aprecia en la sentencia la prueba testifical presentada para justificar la paternidad, sin haberse tenido en cuenta el espíritu del artículo 132, siendo además aplicables, por analogía al pleito, los preceptos del artículo 141 del propio Código Civil, pues si se sentase como jurisprudencia la admisión de la información testifical, para justificar la paternidad después de la muerte del padre ó de la madre, se ocasionaría una verdadera perturbación en la familia y en la sociedad.

Abogado de los recurrentes: *Sr. Alvarez Nava.*

La parte recurrida no compareció.

EL JUEZ ASOCIADO SR. HERNANDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que el artículo 131 del Código Civil que se supone infringido al exponer los motivos 1 y 5 del recurso, no es aplicable á la menor Ana María Velez, pues habiendo nacido antes de la publicación del referido Código, el derecho que reclama debe regirse por la legislación anterior, según la regla 1ª de las disposiciones transitorias, que contiene la disposición final del expresado Cuerpo legal, como así lo ha estimado el Tribunal sentenciador en uno de los Considerandos de la sentencia recurrida.

*Considerando:* que tampoco ha sido infringido el artículo 119 del Código citado, sólo aplicable en cuanto guarda conformidad con la Ley 11 de Toro, ó sea la 1ª, Título 5, Libro 10 de la Novísima Recopilación, que es la que regula la filiación natural de Ana María Velez, pues la Sala sentenciadora ha estimado probado que Santos Borrero y Candelaria Velez, siendo ambos solteros, llevaron relaciones amorosas y entre otros hijos procrearon á la Ana María, sin que tal apreciación haya sido impugnada en forma, para lo cual hubiera sido necesario que también se fundara el recurso en el número 7 del artículo 1690 de la Ley de Enjuiciamiento Civil.

*Considerando:* que las infracciones alegadas en el tercer

No appearance for respondent.

MR. JUSTICE HERNANDEZ, after making the above statement of facts, delivered the following opinion of the court:

Article 131 of the Civil Code which is alleged to have been violated, under the first and fifth grounds of the appeal, is not applicable to the minor Ana María Velez for, having been born before the publication of said code, the right claimed by her should be governed by the laws previously in force, according to rule 1 of the temporary provisions contained at the end of the code now in force, and it has been so held by the trial court in one of the conclusions of law contained in the judgment appealed from.

Nor has there been any violation of article 119 of aforesaid code, applicable only in so far as it conforms to Law 11 of Toro, namely, 1, Title 5, Book X of the "*Novísima Recopilación*", which is the one that regulates the natural filiation of Ana María Velez, for the trial court has deemed it to have been proven that Santos Borrero and Candelaria Velez, both being single, had carried on amorous relations together, and among other children had born to them Ana María; this not having been contested in due form, for which purpose it would have been necessary also to have based the appeal on sub-division 7 of article 1690 of the Law of Civil Procedure.

The violations alleged in the third ground of the appeal, namely, rule 70 of the General Order No. 118, Series of 1899, and article 554 of the Civil Code (it should read Law of Civil Procedure) might furnish occasion, in a proper case, for an appeal in cassation for error of procedure, but not for violation of law, the grounds for which are specifically mentioned in article 1690 of aforesaid Law of Procedure.

motivo del recurso, ó sean la regla 70 de la Orden General No. 118, serie de 1899, y el artículo 554 del Código Civil debe ser de la Ley de Enjuiciamiento Civil, podrían dar lugar, en su caso. á un recurso de casación por quebrantamiento de forma, pero no al de infracción de ley, cuyas causas están taxativamente marcadas en el artículo 1690 de la Ley procesal citada.

*Considerando :* que el recurrente no expresa en qué concepto han podido ser infringidos los artículos 132, 137 y 141 del repetido Código Civil, que se citan en el *quinto* motivo del recurso, como ha debido hacerlo ajustándose al precepto del artículo 1718 de la Ley de Enjuiciamiento Civil, y que por tanto falta base para discutir esas supuestas infracciones de ley.

*Fallamos :* que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por la representación de Doña Josefa, Don Claudio, Doña Cándida y Doña Angela Borrero, á los que condenamos en las costas ; y con devolución de los autos, comuníquese esta resolución al Tribunal de Distrito de Mayagüez, á los fines procedentes.

Jueces concurrentes : Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.